IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHENZHEN CENTURY RAINBOW IND. CO., LTD. Plaintiff, v. PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", Defendants. | Case No. 1:24-cv-12848 **Honorable Manish S. Shah** |

## DEFAULT JUDGMENT ORDER AND PERMANENT INJUNCTION

This matter coming before the Court on Plaintiff Shenzhen Century Rainbow Ind. Co., Ltd.'s

("Plaintiff") Motion for Entry of Default and Default Judgment against the Defendants identified in

Exhibit A to this Order (collectively, "Defaulting Defendants"), the Court having considered the

Memorandum in support of said Motion and all other pleadings and papers on file herein, and the Court

being fully advised in the premises;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff filed its Complaint on December 13, 2024, alleging claims of patent infringement

against the Defaulting Defendants.

Plaintiff properly served Defaulting Defendants with process pursuant to Fed. R. Civ. P. 4 and

this Court's prior orders authorizing alternative service. Defaulting Defendants were properly served

with a copy of the Summons and Complaint. Defaulting Defendants have failed to appear, answer, or

otherwise plead in response to the Complaint within the time prescribed by law.

Defendants are not minors, incompetent persons, or in active military service.

Plaintiff is the owner of all right, title, and interest in and to the Intellectual Property known as U.S.Pat No. D988,602.

By virtue of their default, Defaulting Defendants have engaged in counterfeiting and infringement of Plaintiff's intellectual property rights through the operation of the e-commerce stores identified in Schedule A.

Defaulting Defendants' actions have caused and will continue to cause irreparable harm to Plaintiff, including damage to its reputation, and lost profits.

By virtue of their default, Defaulting Defendants infringed Plaintiff's patent rights in violation of 35 U.S.C. § 171.

Plaintiff has shown that it has suffered irreparable injury and that remedies available at law are inadequate to compensate for that injury.

The balance of hardships favors entry of a permanent injunction.

The public interest would not be disserved by a permanent injunction.

Plaintiff is entitled to damages under 35 U.S.C. § 171 equivalent to the minimum statutory amount of $250 per Defendant.

## ORDER AND JUDGMENT

Based on the foregoing findings of fact and conclusions of law, it is hereby ORDERED, ADJUDGED, and DECREED that:

Judgment is entered in favor of Plaintiff and against Defaulting Defendants.

Plaintiff is awarded $250 in damages from each Defaulting Defendant.

Defaulting Defendants and their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them are permanently

enjoined and restrained from:

   a.   using Plaintiff's U.S. Pat No. D988,602 or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff product or is not authorized by Plaintiff to be sold in connection with Plaintiff's U.S. Pat No. D988,602;

   b.   passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's U.S.Pat No. D988,602;

   c.   committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

   d.   manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear Plaintiff's U.S. Pat No. D988,602 or any reproductions, counterfeit copies, or colorable imitations thereof.

The third-party service providers and online marketplace platforms working in concert with Defaulting Defendants and with notice of this judgment shall, within 7 days of receipt of this Order:

   a.   disable and cease providing services for any accounts through which Defaulting Defendants engage in the sale of using Plaintiff's U.S. Pat No. D988,602;

   b.   disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of goods using Plaintiff's U.S.Pat No. D988,602;

   c.   and take all steps necessary to prevent links to the Defaulting Defendants' accounts

identified in Schedule A from displaying in search results, including, but not limited to, removing links to the Defaulting Defendants' accounts from any search index.

This is a Default Judgment.

DATED: August 18, 2025

Manish S. Shah
U.S. District Judge